In Special Term—April 1855.

---

GHOLSON, J. presiding.

---

THOMAS PARRISH, ADM'R *vs.* D. H. MEARS et al.

In an action upon a promissory note, made by D. H. M. payable to order of P., and endorsed by J. M. H. & J. M., the petition charges "that before said note was received by the payee, the names of J. M. H. & J. M. were written thereon by them," and claiming to recover against them as joint makers. The answer of J. M. H. avers, "that he placed his name on the back of the note sued on in this action, as an endorser thereof, for the accommodation and at the request of D. H. M., the maker of said note, with the understanding, that J. M. should also endorse the same. That there never was any agreement, or understanding, that he should be liable on said note, in any other manner, or to any greater extent, than as an accommodation endorser thereof." Held:

That on *submission*, this was, under the § 114 of the Code, a sufficient denial of the allegation of the petition charging J. M. H. as joint maker.

That in this state of pleading the burthen of proof to show that the answering defendant agreed to assume liability on the note as joint maker, rests upon the plaintiff.

The action in this case was brought on a note by the plaintiff, as administrator of F. A. Parrish, against the defendants as makers, of which note the following is a copy:

"Cincinnati, February 10th, 1851.

"One year after date I promise to pay to F. A. Parrish or order one thousand dollars value received with ten per cent interest per annum.    D. H. MEARS.

(Written on back)

Jos. M. HUSTON.

JOHN MEARS."

Thomas Parrish, Adm'r *vs.* D. H. Mears et al.

The petition, after setting forth a copy of the note, contained this allegation : " And the plaintiff further says, that the said note was given and made payable to the said Francis A. Parrish, in his life time, and before it was received by him, the names of the said Jos. M. Huston and John Mears were written thereon by them."

The answer of Joseph M. Huston, one of the defendants, stated : "that he placed his name on the back of the note sued on in this action, as an endorser thereof, for the accommodation, and at the request of D. H. Mears, the maker of said note, with the understanding, that John Mears should also endorse the same. That there never was any agreement, or understanding, that he should be liable on said note, in any other manner, or to any greater extent, than as an accommodation endorser thereof. That no notice was ever given him of the presentment of said note at maturity for payment, and the non-payment thereof. That Thomas Parrish, the holder of said note, gave further time of payment thereon, after its maturity, to D. H. Mears the maker, without the knowledge or consent of this defendant, and it was about two years after it became due, before he learned that it had not been paid."

The action was submitted to be tried by the Court. The plaintiff offered in evidence the note described in his petition and rested. No evidence was offered by the defendants.

GHOLSON, J.

It is claimed for the plaintiff that sufficient facts are shown in the petition, to charge the defendants Huston and John Mears as makers of the note. That upon those

facts, in accordance with decisions in this State, those defendants are to be regarded as joint makers with and sureties of the defendant D. H. Mears. In answer to this, it is claimed for the defendant Huston, that no proof has been offered to sustain the allegation in the petition, on which the plaintiff relies, and that the same is controverted by the answer.

The allegation in the petition, that when the note was delivered to F. A. Parrish, the names of the defendants Huston and J. Mears had been written thereon, by them, must be deemed a material allegation. If it be not controverted, it is, according to Section 127 of the Code, to be taken as true, for the purposes of the action. By Section 92, it must be controverted by a general or specific denial.

There is some difficulty in determining the character of the answer of the defendant Huston. The first part appears to be intended as a denial of any liability on the note, other than as an accommodation endorser. Then a defence is set up of a want of notice of non-payment. And, lastly, a discharge by the giving of time of payment to the maker of the note, D. H. Mears.

As to the last ground of defence, it is insufficient, as showing no contract for the extension of the time of payment. The second is not responsive to any allegation in the petition, which seeks to charge the defendant as a joint maker, and cannot charge him otherwise. If, therefore, the answer is to have any effect or validity, it must be as a denial of the agreement by which it is alleged the defendant became a joint maker with D. H. Mears. *Prima facie*, on the production of the paper, as said by the Supreme Court of Ohio, the defendants Huston and J. Mears

would be deemed guarantors. Upon its appearing in proof, that they signed their names on the note, before, or at the time of its execution, an intention on their part to become joint makers and sureties might be inferred and they might be so charged. And such is the agreement or intention alleged in the petition.

The allegation in the answer of Huston, that he placed his name on the note as an accommodation endorser, is inconsistent with the agreement and intention alleged in the petition. And, when the answer proceeds to state, that there was no agreement or understanding, that he should be liable in any other manner, or to any greater extent, a fair and liberal construction of the pleading, which I am bound to give, requires me to say, that any allegation in the petition which seeks to charge him as maker on the ground of an agreement or intention to assume that liability, must be considered as controverted.

As a matter of pleading the allegation in the answer, that the defendant Huston signed the note as an accommodation endorser, was immaterial. He may, however, have deemed it proper in denying, generally, his liability as a maker, to account for the appearance of his name on the paper. The statement of an intention to become liable as an accommodation endorser, is not inconsistent with a general denial of any agreement to become liable as maker. The fact may have been, which is consistent with the appearance of the paper, that there was a blank for the name of the payee, and at the time Huston's name was endorsed, his expectation was, that his name, or that of John Mears, would have been inserted before the negotiation of the note.

Had the answer in this case been called to my attention

on a motion to have it made more definite and certain, or to strike out redundant and irrelevant matter, under Sec. 118, of the Code, I might not have regarded it as sufficient. But I am now to determine its effect, and giving its allegations a liberal construction, as required in that view by Section 114, I cannot say it has no effect; but on the contrary think it is substantially a denial of the agreement or understanding set forth in the petition as the foundation of the action against the defendant. It therefore throws on the plaintiff the burthen of proving that part of his case, and there being no such proof, he must for the present fail in his action.